# United States Bankruptcy Court

## Western District of Washington

Debtor/Plaintiff:

Christian Rafael Ochoa Estrada

And

Sarah Elaine Ochoa

Case No.: 18-42606

**COMPLAINT**

v.

Creditor/Defendant:

The Management Group

## Motion for Sanctions for Violation of Automatic Stay

### 1.

### Introduction

Prior to filing this lawsuit, the plaintiff has given the defendant multiple notices of the bankruptcy filing and the defendant failed to obey the Automatic Stay relief that is provided for the plaintiff.

### 2.

### Complaint

Plaintiff has a right under the Automatic Stay to be free from unwanted communication from the defendant as well as free from threatening and harassing behavior.

### 3.

Defendant continued to take willful actions against the Plaintiff while the Plaintiff was under protection of the Automatic Stay including collecting a previous debt by withholding the security deposit.

4.

Defendant's harassing behavior and willful violation of the Automatic Stay has caused emotional distress that is above and beyond the normal distress that is experienced during a normal bankruptcy case. The defendant's actions caused the plaintiff to experience panic and anxiety attacks, upset stomach, sleepless nights, and other significant emotional harm.

5.

Plaintiff felt forced to vacate the residence that was rented from the Defendant due to the Defendant's willful violation of the Automatic Stay. The Defendant's actions caused the Plaintiff to have unexpected moving and relocating expenses that caused a hardship on their family and two young children.

6.

**Jurisdiction**

This Court has jurisdiction under 28 U.S.C. § 1334 because the automatic stay arises under Title 11.

7.

Plaintiffs, Christian Rafael Ochoa-Estrada and Sarah Elaine Ochoa, filed for Chapter 7 Bankruptcy on July 30, 2018 in the Western District of Washington.

8.

Defendant, The Management Group, is a property management company that is located at 7710 NE Vancouver Mall Dr Ste B, Vancouver, WA 98662

9.

Venue is proper because defendant collected from plaintiff while he was under the protection of the Western District of Washington Bankruptcy Court's automatic stay.

10.

**Nature of Claim**

Plaintiff's automatic stay claim is a core proceeding under 28 U.S.C. § 157(b)(2) (see In re Gruntz, 202 F.3d 1074, 1081 (9th Cir. 2000); In re Goodman, 991 F.2d 613, 617 (9th Cir. 1993)) and plaintiff consents to entry of final orders and judgments by the Western District of Washington Bankruptcy Court in this adversary proceeding.

11.

**Factual Allegations**

This complaint's allegations are based on personal knowledge as to plaintiff's conduct and made on information and belief as to the acts of others.

12.

Defendant received actual notice of the automatic stay in plaintiff's case from the bankruptcy noticing center and from plaintiff multiple times by email.

13.

After receiving actual notice of the automatic stay, defendant intentionally harassed plaintiff with coercive collection practices to pay its pre-petition debt.

14.

Defendant's conduct as alleged above caused plaintiff sleepless nights, upset stomach, and other significant emotional harm distinct from the inherent stress of the normal bankruptcy process.

15.

Defendant's conduct as alleged above also caused plaintiff additional financial hardship for themselves, their family, and their two children.

16.

Defendant's conduct as alleged above was in pursuit of profit, and constituted a wanton, outrageous and oppressive violation of plaintiff's right to be free from collection activities during bankruptcy.

17.

Plaintiffs notified the Defendant via email that they had mailed their bankruptcy petition on July 26, 2018. The bankruptcy case was filed, and the Automatic Stay was in effect on July 30, 2018.

18.

Defendant requested on July 31, 2018 that the Plaintiffs vacate the rental property. To which the Plaintiffs agreed in writing on August 2, 2018.

19.

On August 3, 2018 a manager, Julie Anderson, inadvertently sent an email to the Plaintiffs that was congratulating their internal team in convincing the Plaintiffs to vacate the property.

20.

Plaintiffs notified the defendant in writing that they had vacated the property on August 6, 2018 and also reminded them that the Automatic Stay protection was in place. Plaintiffs felt forced to vacate as quickly as possible due to the harassing emails the Defendant had been sending to them since the bankruptcy filing on July 30, 2018. The Defendant's behavior includes an incident on August 2, 2018 during which an employee attempted to enter the property when they mistakenly thought the Plaintiff was not present.

21.

Defendant processed the return of the security deposit to the Plaintiff on August 20, 2018. Defendant willingly and unlawfully withheld $921.77 from the security deposit to pay for pre-petition unpaid rent, unpaid utility bills, and unpaid notice posting fees.

22.

Plaintiffs were left without a place to live and were left without the return of their full security deposit. The actions of the Defendant caused the Plaintiff to be unable to find another suitable place to reside. The unlawful actions of the Defendant forced the Plaintiff to relocate to their nearest relative's home in Florida.

23.

Defendants unlawful and willful actions caused the Plaintiffs to incur a total of $2,270.60 in relocation costs. Itemized costs below:

Airline tickets: $1,417.60

Baggage fees: $180.00

Pet flight fee: $375.00

Storage unit rental: $90.00

Missed time from work required for moving and travel: $208.00

22.

## CAUSE OF ACTION

(11 U.S.C. § 362(k))

Plaintiff incorporates the allegations above by reference.

16.

Defendant's violation of 11 U.S.C. § 362(a)(6) as alleged above was "willful" as that term is defined in the Ninth Circuit because its conduct was intentional, it had prior actual knowledge of the automatic stay from multiple sources, its conduct was unreasonable, and any alleged mistake of law was not a defense.

17.

Under 11 U.S.C. § 362(k), plaintiff is entitled to compensation for actual damages, proportional punitive damages, and reasonable fees and costs from defendant in amounts to be decided by the Court.

18.

## PRAYER FOR RELIEF

After a stipulation or determination that defendant willfully violated the automatic stay, plaintiff seeks relief as follows:

A. Money Judgment in favor of plaintiff against defendant for actual damages and punitive damages, and

B. Plaintiff also seeks any equitable relief this Court may determine is fair.

October 29, 2018

Respectfully Filed,

Christian Rafael Ochoa-Estrada

Sarah Elaine Ochoa

4655 Maxwell Pl SW

Vero Beach, FL 32968

**From:** management@nwetalent.com <management@nwetalent.com>
**Sent:** Friday, July 27, 2018 4:00:50 PM
**To:** Julie Anderson
**Cc:** Megan Francis
**Subject:** RE: 1705 NW 18th Street

Hi Julie and Megan,

I do not understand the miscommunication at all. I do not understand the harassment as well.

On July 17th I came into the office and spoke with Megan. I thought we were on the same page at that time.

Regarding the water bill -

- First of all I provided the water bill to Megan that day. She agreed to look into this high water bill with the City of Battle Ground to investigate. Afterwards, she came back and offered a credit of $75 to offset the high water bill. The water bill is so high because the sprinklers are running so much and no one has touched them. The sprinklers are running as you left them when I moved in. Also, it states in the lease that I am not responsible for the lawn. The owner came to the house to apologize for not taking care of it on June 29th while my family was visiting the house. Megan mentioned in an email that I took too long to get the water bill to you.... Well I see in my online account that you received (on June 30th) the same water bill that I provided (on July 17th). I assumed that since it was the exact same water bill that you would be able to use that to investigate.

When you say that I did not comply about the water you are wrong. And I have no idea what you mean. The sprinklers were never turned off. This is why I provided the water bill so that you could investigate that the sprinklers were never turned off. You investigated and apparently were able to determine the sprinklers were causing the high bill and offered the $75 credit for this.

- Now about the lawn care -
- When I moved in the landscapers came one time before June 29th. On June 29th the owner came by to apologize for not taking care of the yard with a new landscaper. Since June 29th 1 other company came by (a 3rd company). The 2nd and 3rd company cut the grass extremely short so that it will not look green or be able to grow sufficiently. This is in the lease that it is your responsibility to keep up with the yard, not mine. As of today the yard is not being kept up.

I have evidence that proves the sprinkler system was not turned off, I have the lease that states maintaining the yard is your responsibility, I have proof of the conversations we had about the yard, I have pictures of the condition of the yard, I have witnesses that the owner apologized to me about the condition of the yard. Do you agree the yard is your responsibility?

- About adding the other occupant -
- Megan stated in an email that to add the other occupant I would have 10 days from July 18th to add them. 10 days from July 18th is July 28th (in case you were wondering). On July 25th the application was filled out using the link that Megan provided. I have a receipt

Case - 18-42606   pg. 2
1st notice of BK filing

dated July 25th for the $50 application fee. As of today, I was waiting on you to process this. Seems to me like we did our part.

- About the renters insurance -
- In the same email that Megan sent on July 18th she stated that I have 10 days to reinstate the renters insurance and provide proof to you. July 18th plus 10 days is July 28th. Today on July 27th you claim I have not complied. I have until July 28th to comply. You open on July 30th at 10am. Threatening me with eviction before you open on July 30th doesn't give you a chance to see if I submitted my renters insurance on July 28th as Megan stated that I could (since July 28th falls on the weekend). If I submit this to you on July 28th I'm still in compliance.

I have the emails where this is stated.

Oh and you mentioned 3 10 day notices? I have kept all of them and you have given me 11 10 day notices within a few days. This is uncalled for.

Also for your information, I have filed bankruptcy and the automatic stay will be in place as of July 30th. I suggest you notify your legal department for advice if you do not know how to proceed. All communication from you or the owner is to be in writing from this point forward.

Christian Ochoa

-------- Original Message --------
Subject: 1705 NW 18th Street
From: Julie Anderson <julie.anderson@tmgnorthwest.com>
Date: Fri, July 27, 2018 8:59 am
To: "management@nwetalent.com" <management@nwetalent.com>
Cc: Megan Francis <megan.francis@tmgnorthwest.com>

Christian:

We have not had compliance to any of the tree 10 day notice's therefore we will be filing eviction papers on Monday morning, July 30th, 2018 by 9 am.

Thank you

*Julie Anderson*

SF Property Manager

**The Management Group, Inc.**

Direct Line: 360-397-0286

Subject: RE: 1705 NW 18th Street
From: Megan Tollefson <megan.tollefson@tmgnorthwest.com>
Date: Wed, August 15, 2018 8:26 am
To: "management@nwetalent.com" <management@nwetalent.com>, Megan Francis <megan.francis@tmgnorthwest.com>, Julie Anderson <julie.anderson@tmgnorthwest.com>
Cc: Jennie Bullard <jennie.bullard@tmgnorthwest.com>

Good morning Christian,

We're actively working on your file. We have 21 days from the time that your keys were turned in to mail your disposition to you. We have a forwarding address in Ridgefield listed for you, which is where it will be mailed.

Thank you!

*Megan Tollefson*

**Senior Residential Services Assistant**

**The Management Group, Inc.**

Direct Line: 360-397-0311

Toll Free: 1-800-678-6199

Fax: 360-892-2636

www.TMGnorthwest.com

*How did we do?*

**Integrity & Respect | Teamwork | Passion for Results | Innovation | Customer Service**

We don't just talk about service; we do it at every opportunity... EVERY DAY.

We pledge to respond to all inquiries within one business day!

Case 18-42606

Pg. 2
request for security
deposit return and
notice of
automatic stay
#2

**From:** management@nwetalent.com [mailto:management@nwetalent.com]
**Sent:** Wednesday, August 15, 2018 5:41 AM
**To:** Megan Francis; Julie Anderson
**Cc:** Jennie Bullard
**Subject:** RE: 1705 NW 18th Street

Hi Megan,

Can you please tell me if the security deposit has been sent already and when I should expect to receive it? I have filed for bankruptcy and the automatic stay is in place as of July 30th so I'm not sure what is causing the delay. Thanks.

Chris

Subject: RE: RE: 1705 NW 18th Street
From: Julie Anderson <julie.anderson@tmgnorthwest.com>
Date: Fri, August 03, 2018 4:40 pm
To: Megan Francis <megan.francis@tmgnorthwest.com>, "management@nwetalent.com" <management@nwetalent.com>
Cc: Jennie Bullard <jennie.bullard@tmgnorthwest.com>

Woohoo!!

Great job, Megan.

Get Outlook for Android

*Julie Anderson*

SF Property Manager

**The Management Group, Inc.**

Direct Line: 360-397-0286

Toll Free: 1-800-678-6199

Fax: 360-892-2636

www.TMGnorthwest.com

*How did we do?*

**Integrity & Respect | Teamwork | Passion for Results | Innovation | Customer Service**

We don't just talk about service; we do it at every opportunity... EVERY DAY.

We pledge to respond to all inquiries within one business day!

---

**From:** management@nwetalent.com <management@nwetalent.com>
**Sent:** Friday, August 3, 2018 3:15:35 PM
**To:** Megan Francis

Cc: Jennie Bullard; Julie Anderson
**Subject:** RE: RE: 1705 NW 18th Street

Hi Megan,

I have opened the attachment and the link and noticed these are pdfs. I do not have easy access to a printer at the moment. Is is possible for you to send this via Docusign and I will e-sign right away?

→ I would like to fill out the forms and can vacate the property this weekend. On Monday I will confirm with you that I had vacated and you can come to conduct the walk through. I will leave the property is excellent condition as that is how I received it. I did pay a pre-paid cleaning fee so I would expect that could go toward wiping down the refrigerator, sink, etc.

Please send via Docusign and I will sign it right away. Thank you.

Chris

*Case 18-42606*

*pg. 1 - Ledger from TMG*

| Date | Description | Paid By | Charge | Payment | Balance |
|---|---|---|---|---|---|
| 06/11/2018 | ACH Payment (Reference #5320-0A60) | Christian R. Ochoa Estrada | | 850.00 | -710.00 |
| 07/01/2018 | Water - Credit for Watering New Lawn | | -25.00 | | -735.00 |
| 07/01/2018 | Rent - July 2018 | | 1,875.00 | | 1,140.00 |
| 07/02/2018 | Payment (Reference #4095 GF) | Christian R. Ochoa Estrada | | 890.00 | 250.00 |
| 07/03/2018 | Late Fees - Late Fee for Jul 2018 | | 75.00 | | 325.00 |
| 07/03/2018 | Tenant Late Admin Fee | | 25.00 | | 350.00 |
| 07/05/2018 | Posting Notice Fee-SF/SCRP - 10 day | | 50.00 | | 400.00 |
| 07/05/2018 | Posting Notice Fee-SF/SCRP - 3 Day | | 50.00 | | 450.00 |
| 07/06/2018 | Payment (Reference #6647 GF) July Rent | Christian R. Ochoa Estrada | | 400.00 | 50.00 |
| 07/12/2018 | Posting Notice Fee-SF/SCRP - 10 Day Notice to Comply | | 50.00 | | 100.00 |
| 07/13/2018 | Posting Notice Fee-SF/SCRP - 10 Day Notice to Comply | | 50.00 | | 150.00 |
| 07/23/2018 | Water - Excessive Watering for new lawn | | -75.00 | | 75.00 |
| → 08/01/2018 | Rent - Prorated rent thru August 5, 2018 | | → 302.41 | | 377.41 |
| → 08/09/2018 | Utility Pass Thru - Water: 05/20/18 - 06/21/18 | | → 215.96 | | 593.37 |

*CASE - 18-42606*

*Pg. 2 - Ledger from TMG*

| Date | Description | Paid By | Charge | Payment | Balance |
|---|---|---|---|---|---|
| 08/20/2018 | Move Out Utility Pass-Thru - Water: 06/21/18 - 08/05/18 | | 328.40 | | 921.77 |
| 08/20/2018 | Prepaid Cleaning - prepaid cleaning | | 480.00 | | 1,401.77 |
| 08/20/2018 | Tenant Holding - Christian R. Ochoa Estrada, LynchC: Transfer of Tenant Holding at Move Out | | -2,700.00 | | -1,298.23 |
| 08/20/2018 | Deposits to be Refunded - Transfer of Tenant Holding at Move Out | | 1,373.23 | | 75.00 |
| 08/20/2018 | Deposits to be Refunded - Christian R. Ochoa Estrada, LynchC: Move Out Refund | | -1,373.23 | | -1,298.23 |
| 08/20/2018 | Posting Notice Fee-SF/SCRP - Christian R. Ochoa Estrada, LynchC: Settlement of Posting Notice Fee-SF/SCRP at Move out | | -25.00 | | -1,323.23 |
| 08/20/2018 | Posting Notice Fee-SF/SCRP - Christian R. Ochoa Estrada, LynchC: Settlement of Posting Notice Fee-SF/SCRP at Move out | | -50.00 | | -1,373.23 |
| 08/20/2018 | Posting Notice Fee-SF/SCRP - Christian R. Ochoa Estrada, LynchC: Settlement for Posting Notice Fee-SF/SCRP at Move out | | 25.00 | | -1,348.23 |
| 08/20/2018 | Posting Notice Fee-SF/SCRP - Christian R. Ochoa Estrada, LynchC: Settlement for Posting Notice Fee-SF/SCRP at Move out | | 50.00 | | -1,298.23 |
| 08/20/2018 | Payment (Reference #49439) Security deposit refund | | | -1,298.23 | 0.00 |

**Ending Balance**
0.00

The Management Group, Inc.

*Case 18-42606*

*pg. 1 receipt from American Airlines*



Earn miles with this trip.

Ticket # 0012307954932

Earn miles with this trip.

Ticket # 0012307954933

Earn miles with this trip.

Ticket # 0012307954934

Earn miles with this trip.

Ticket # 0012307954935

Visa XXXXXXXXXXXXX3556

### Chri Ochoa Estrada

| | |
|---|---|
| FARE-USD | $ 354.00 |
| TAXES AND CARRIER-IMPOSED FEES | $ 32.90 |
| **TICKET TOTAL** | → **$ 386.90** |

### Sarah Ochoa

| | |
|---|---|
| FARE-USD | $ 354.00 |
| TAXES AND CARRIER-IMPOSED FEES | $ 32.90 |

*Case 18-42606*
*pg. 2 - receipt from American Airlines*

**TICKET TOTAL** → $ 386.90

### *Chd Megan Ochoa Chd*

| | |
|---|---|
| FARE-USD | $ 289.00 |
| TAXES AND CARRIER-IMPOSED FEES | $ 32.90 |
| **TICKET TOTAL** | → $ 321.90 |

### *Chd Jeshua Ochoa Chd*

| | |
|---|---|
| FARE-USD | $ 289.00 |
| TAXES AND CARRIER-IMPOSED FEES | $ 32.90 |
| **TICKET TOTAL** | → $ 321.90 |










**Baggage Information**

Baggage charges for your itinerary will be governed by American Airlines BAG ALLOWANCE -PDXGUA-No free checked bags/ American Airlines 1STCHECKED BAG FEE-PDXGUA-USD25.00/ American Airlines /UP TO 50 LB/23 KG AND UP TO 62 LINEAR IN/158 LINEAR CM 2NDCHECKED BAG FEE-PDXGUA-USD40.00/ American Airlines /UP TO 50 LB/23 KG AND UP TO 62 LINEAR IN/158 LINEAR CM ADDITIONAL ALLOWANCES AND/OR DISCOUNTS MAY APPLY

Case 18-42606   pet and baggage fees from American Airlines

**NETSPEND**

**Sarah Ochoa**
Account Number 70008283178180
Routing Number 073972181
PashPay ID 7413110392

- History Dashboard
- Direct Deposit
- Mobile Check Load
- Move Money
- Bill Pay
- Payback Rewards
- Features
- Manage Account

| Date | Description | | Amount | Balance |
|---|---|---|---|---|
| 09/09/18 | STEVE CLAYTON INC 5416354440 OR | | -$85.15 | $713.05 |
| 09/03/18 | WAVES INC 3659094260 IN | | -$157.20 | $296.19 |
| 09/01/18 | Debit, Plan Fee 08/31/2018 | | -$9.00 | $953.39 |
| 08/31/18 | AMERICAN PORTLAND OR | pet #1 fee → | -$125.00 | $956.39 |
| 08/31/18 | AMERICAN PORTLAND OR | pet #2 fee → | -$125.00 | $1,063.39 |
| 08/30/18 | DALLAS 1259C DALLAS TX | | -$42.18 | $1,298.38 |
| 08/31/18 | AMERICAN PORTLAND OR | baggage fee → | -$180.00 | $1,250.56 |
| 08/31/18 | AMERICAN PORTLAND OR | pet #3 fee → | -$125.00 | $1,438.56 |
| 08/31/18 | Credit, Direct Deposit from GUSTO for PAY 209775 | | +$955.56 | $1,555.35 |
| 08/30/18 | MCDONALD'S F10284 VANCOUVER WA | | -$7.37 | $600.00 |

Case 18-04068-BDL   Doc 1   Filed 11/02/18   Ent. 11/02/18 09:49:00   Pg. 16 of 16